**Susan A. YOUNG, Plaintiff–Appellant,**

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, Continental Casualty Company, Defendants–Appellees.**

**No. 11–4501–CV.**

United States Court of Appeals, Second Circuit.

Dec. 20, 2012.

28

Scott M. Riemer, Riemer & Associates, LLC, New York, NY, for Appellant.

Michael H. Bernstein (John T. Seybert, on the brief), Sedgwick LLP, New York, NY, for Appellee.

PRESENT: RICHARD C. WESLEY, PETER W. HALL, Circuit Judges, RICHARD W. GOLDBERG,* Judge.

## SUMMARY ORDER

On November 30, 2009, Plaintiff–Appellant Susan A. Young ("Young") filed a complaint against Defendants–Appellees Hartford Life and Accident Insurance Company and Continental Casualty Company claiming that the denial of her long-term disability benefits ("LTD") was arbitrary and capricious under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* After cross-motions for summary judgment, the district court denied Young's motion and granted Appellees' motion on September 23, 2011. We assume the parties' familiarity with the facts, the procedural history of the case, and the issues on appeal.

Young argues that she did not receive a full and fair review because Hartford did not specify what documents she needed in order to perfect her appeal and shifted the justification for denying her long-term disability in the first instance when it denied her appeal. Young did not preserve this argument, and we decline to consider it consistent with our well-established general rule. *See Bogle–Assegai v. Connecticut,* 470 F.3d 498, 504 (2d Cir.2006). Moreover, in light of the district court's thorough memorandum opinion that faithfully applied the relevant precedent to a carefully reviewed record, we will not set aside this prudential doctrine. *See In re Nortel Networks Corp. Sec. Litig.,* 539 F.3d 129, 133 (2d Cir.2008).

■ Young also argues that Hartford failed to obtain readily available documents before denying her appeal. We have never saddled an insurer like Hartford with the type of obligation that Young seeks to establish, and Young has failed to offer a persuasive justification for creating such a precedent. Moreover, the district court assumed *arguendo* that the obligation existed and concluded that she did not demonstrate how these documents would have affected the outcome of her claim. For substantially the same reasons that the district court gave, we agree.

Young next contends that Hartford's decision was arbitrary and capricious and that the district court erred in concluding that the termination of her LTD benefits was supported by substantial evidence. *See Durakovic v. Bldg. Svc. 32 BJ Pension Fund,* 609 F.3d 133, 141 (2d Cir.2010). Here, the district court underwent a very thorough and well-reasoned analysis before concluding that substantial evidence supported the decision to deny Young LTD. We will not repeat that analysis here and agree that Hartford's denial was not arbitrary and capricious for substantially the reasons the district court gave.

Finally, Young asks us to "apply greater skepticism to Hartford's determination as a result of [a] conflict of interest" should we "conclude that the issues [*supra*] are a close call." Appellant Br. at 54. She then argues that Hartford suffered a debilitating conflict of interest that requires us to cut competing inferences in her favor. "A plaintiff's showing that the administrator's conflict of interest affected the choice of a reasonable interpretation is only one of 'several different considerations' that judges must take into account when 'review[ing] the lawfulness of benefit denials.'" *Hobson v. Metropolitan Life Ins. Co.*, 574 F.3d 75, 83 (2d Cir.2009) (quoting *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 133 (2d Cir.2008)). Even assuming *arguendo* that a conflict of interest existed, Young has not sufficiently proven that the conflict actually affected the outcome of her case and made the denial of her benefits unlawful. *See Durakovic*, 609 F.3d at 139–40; *McCauley*, 551 F.3d at 134–37. Furthermore, we decline Young's invitation to evaluate the denial of her benefits with "greater skepticism" under the Ninth Circuit's conflict-of-interest framework. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 968–69 (9th Cir.2006) (en banc).

We have considered Appellant's remaining arguments and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the memorandum-decision and order is **AFFIRMED**.

